# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:22-mj-00293 |
| | ) | |
| v. | ) | Charging Dist. Case. No. 1:22-mj-00261 |
| | ) | |
| ISAIAH FARNSWORTH | ) | U.S. Mag. Judge Christopher H. Steger |

## MEMORANDUM AND ORDER

Defendant ISAIAH FARNSWORTH ("Defendant") came before the Court on December 5, 2022, in accordance with Rules 5 and 5.1 of the Federal Rules of Criminal Procedure, for an initial appearance on a Criminal Complaint out of the United States District Court for the District of Columbia.

After being sworn in due form of law, Defendant was informed or reminded of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at Government expense. Consequently, the Court **APPOINTED** Myrlene Marsa of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant with respect to further proceedings in this case in the Eastern District of Tennessee.

Defendant was furnished with a copy of the Criminal Complaint and had an opportunity to review that document with his attorney. The Court determined that Defendant was capable of being able to read and understand the Criminal Complaint. At the Court's request, AUSA Joe DeGaetano explained to Defendant the offenses detailed in the Criminal Complaint. Defendant acknowledged that he understood the offenses with which he is charged in the Criminal Complaint.

The Court explained to Defendant his rights to an identity hearing to determine whether he is the person named in the Criminal Complaint; production of the warrant (or a certified copy or electronic copy); a preliminary hearing; and a detention hearing. The Court further explained to Defendant his right to transfer these proceedings to the charging district, which, in this case, is the United States District Court for the District of Columbia.

Following consultation with his counsel, Defendant agreed to waive an identity hearing, production of the warrant, and a preliminary hearing, and to request transfer of those proceedings to the United States District Court for the District of Columbia [*See* Doc. 7]. The Court confirmed that Defendant would be entitled to such proceedings in the charging district at a date and time set by that Court.

At the hearing in this Court, the United States Probation Office did not recommend—and the Government did not move for—the detention of Defendant pending further proceedings. Consequently, the undersigned released Defendant on bond and entered an Order Setting Conditions of Release [Doc. 9].

It is, therefore, **ORDERED** that:

1. Defendant shall remain out of custody subject to the Order Setting Conditions of Release [Doc. 9] pending further order of this Court and/or further proceedings in the United States District Court for the District of Columbia.

2. The Clerk of Court for the Eastern District of Tennessee shall promptly transmit all documents relating to this case to the Clerk of Court for the United States District Court for the District of Columbia.

3. AUSA DeGaetano shall contact the Clerk of Court for the United States District Court for the District of Columbia to determine the date and time when Defendant is required to appear before that Court and shall provide that information to Defendant's counsel, Myrlene Marsa. Ms. Marsa, shall in turn, provide such information to Defendant.

4. Defendant shall appear in Court on the date and at the time specified by the United States District Court for the District of Columbia for further proceedings in this case.

**ENTER.**

/s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE